Gary D. Sesser
Judith M. Wallace
Alexander G. Malyshev
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
(212) 732-3200
*Attorneys for Defendants* Oleg Batratchenko, Thor United Corp., Thor United Corp. (Nevis), Thor Real Estate Master Fund, Ltd., Thor Guarant Real Estate Fund, Ltd., Thor Opti-Max LLC, Thor Opti-Max Fund, Ltd., Thor Asset Management, Inc., Thor Real Estate Management LLC, Thor Capital LLC, Thor Futures LLC, and Thor Realty LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

LUDMILA LOGINOVSKAYA,

            Plaintiff,

- against -

OLEG BATRATCHENKO, TATIANA SMIRNOVA (a/k/a TATIANA SMIRNOFF, a/k/a TATIANA BATRATCHENKO), THOR UNITED CORP., THOR UNITED CORP. (NEVIS), THOR REAL ESTATE MASTER FUND, LTD., THOR GUARANT REAL ESTATE FUND, LTD., THOR OPTI-MAX LLC, THOR OPTI-MAX FUND, LTD., THOR ASSET MANAGEMENT, INC., THOR REAL ESTATE MANAGEMENT LLC, THOR CAPITAL LLC, THOR FUTURES LLC, THOR REALTY LLC, and John Does 1-20,

            Defendants.

---------------------------------------------------------------- X

: Case No. 12-Civ.-0336 (JPO)
:
: **ECF Case**
:
:
:
:
: DECLARATION OF
: JUDITH M. WALLACE
: IN SUPPORT OF
: BATRATCHENKO'S AND THE
: THOR DEFENDANTS'
: MOTION TO DISMISS THE
: AMENDED COMPLAINT
:
:
:

JUDITH M. WALLACE, pursuant to 28 U.S.C. § 1746 and L. Civ. R. 1.9, hereby declares under penalty of perjury as follows:

    1.    I am a member of the bar of the State of New York and duly admitted to practice in the United States District Court for the Southern District of New York. I am attorney with the law firm of Carter Ledyard & Milburn LLP, attorneys for Defendants Oleg Batratchenko

7025829.3

("Batratchenko"), Thor United Corp., Thor United Corp. (Nevis), Thor Real Estate Master Fund, Ltd., Thor Guarant Real Estate Fund, Ltd., Thor Opti-Max LLC, Thor Opti-Max Fund, Ltd., Thor Asset Management, Inc., Thor Real Estate Management LLC, Thor Capital LLC, Thor Futures LLC, and Thor Realty LLC (hereafter, the "Thor Entities" and, together with Mr. Batratchenko, the "Batratchenko and the Thor Defendants") in the above captioned matter. I respectfully submit this declaration in support of Batratchenko's and the Thor Defendants' motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6).

**Investment Memoranda**

2. Investment memoranda (individually, each "Investment Memorandum," and collectively the "Investment Memoranda") for various investment programs (the "Programs") in which Plaintiffs purportedly invested are referenced in the Amended Complaint at ¶¶ 38, 41-42, 51, 57.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the Investment Memorandum for the Opti-Max Program (hereinafter "Thor Opti-Max IM"). A true and correct copy of the Russian original document is annexed at **Tab A** and a true and correct copy of an English language translation is annexed at **Tab B**.

4. Attached hereto as **Exhibit 2** is a true and correct copy of the Investment Memorandum for the Optima Program (hereinafter "Thor Optima IM"). A true and correct copy of the Russian original document is annexed at **Tab A** and a true and correct copy of an English language translation is annexed at **Tab B**.

5. Attached hereto as **Exhibit 3** is a true and correct copy of the Investment Memorandum for the Opti-Max Program (hereinafter "Thor Guarant IM"). A true and correct copy of the Russian original document is annexed at **Tab A** and a true and correct copy of an English language translation is annexed at **Tab B**.

7025829.3

6. Attached hereto as **Exhibit 4** is a true and correct copy of the certification of the Russian to English translator of the Investment Memoranda

**Contents of the Investment Memoranda**

7. Based on the certified translations, the Investment Memoranda contain, at times identical and at times substantially similar, provisions that are relevant to Defendants' motion to dismiss. Some of these provisions are excerpted below (the headings do not appear in the Investment Memoranda and are provided for the Court's convenience):

A. *Requirement of Foreign Residency*

8. The inside cover of each Investment Memorandum provides (in bold face type) that the programs are:

FOR NON-RESIDENTS OF THE UNITED STATES OF AMERICA.

*See* Thor Opti-Max IM at 2, Thor Optima IM at 2, Thor Guarant IM at 2. The same requirement appeared in other provisions of the Investment Memoranda. *See* Thor Opti-Max IM ¶¶ 3.1.4, 14.2, Thor Optima IM ¶¶ 3.1.4, 13.1, Thor Guarant IM ¶¶ 3.1.4, 12.1.

B. *Role of the Investment Memoranda*

9. The Investment Memoranda provide as follows:

> ***By the fact of his signing of the given Application*** the Investor asks the Group THOR to accept the given Application for consideration and officially confirms, among others, that he ***read carefully and fully understood and completely agrees with all the provisions, conditions, terms, Charges and Payments, stated in the Investment memorandums*** of the Programs THOR GUARANT, THOR OPTI-MAX and THOR OPTIMA, and obliges to participate in the given investment Program[]s, strictly comply with all the conditions and provisions of the abovementioned Investment Memorandums

*See* Opti-Max IM ¶¶ 3.1.1 (emphasis supplied); *see also id.* 14.3; Optima IM ¶¶ 3.1.1, 15.3; Guarant IM ¶¶ 3.1.1, 14.3.

### C. *Investor's Obligation To Conduct Their Own Due Diligence*

10.  The inside cover of each Thor Opti-Max Investment Memorandum provides as follows:

> THOR OPTI-MAX investment program ("Program") potential investors shall:
>
> (a)  get the present Investment memorandum("Memorandum") for checkout and *read it carefully* all through prior to investment funds in the Program;
>
> (b)  *consult their lawyers, accountants and consultants* with respect to legal, tax and any other issues associated with these investments, including the receipt of complete information on (1) the necessary legal requirements of the countries of investors' residence for investment in the Program, (2) any foreign exchange restrictions, they may confront and (3) tax and other consequences that may arise in the countries of their residence and / or registration in connection with their investments in the Program.

*See* Opti-Max OM at 2 (emphasis supplied). The Thor Optima and Thor Guarant Investment Memoranda likewise contain substantially identical provisions. *See* Thor Optima IM at 2, Thor Guarant IM at 2.

11.  The Thor Opti-Max Investment Memorandum further provides that:

> All terms and conditions of present Memorandum without any exception are binding by all Parties specified therein, and *Investor's signature in specified clause 3.1.1 of present Memorandum Application* for Membership in the following Programs THOR GUARANT, THOR OPTI-MAX and THOR OPTIMA are legally expressly *treated as affidavit of thorough, considerate insight, clear and full consciousness, entire and final agreement of Investor with all without any exceptions provisions of present Memorandum* specified therein. Each potential Program's Investor should receive the official copy of present Memorandum as amended, to *read it attentively and in full* amount, and if required to receive from authorized career officer of THOR Group the full clarification of essence, features and mechanisms for Program's implementation and investment projects related to it, the associated risks, amount and principles of charging Duties and Payments defined by participation in Program as well as other conditions of participation of Investor in the Program specified in the present Memorandum, times for submitting services within it and all other provisions of present Memorandum and only after that to make conscious decision at his/her own discretion about his/her participation in the present Program.

*See* Thor Opti-Max IM ¶ 14.3 (emphasis supplied). The Thor Optima and Thor Guarant Investment Memoranda likewise contain substantially identical provisions. *See* Thor Optima IM ¶ 15.3; Thor Guarant IM ¶ 14.3.

### D. *Risk Disclosures*

12. The Investment Memoranda provide, on average, over twenty pages of specific risk disclosures, which covered, *inter alia*, non-market risks, loss of principal, and risks inherent real-estate investments.

13. With respect to non-market risks, the Thor Opti-Max Investment Memorandum provides as follows:

> The ***potential off-market risks*** of the Program THOR OPTIMA (hereinafter - the "Non-Market Risks"), not covered by the insurance coverage mentioned in pp. 13.2.2, 13.2.3 and 13.2.4 of the Memorandum, inter alia, ***include***:
>
> ***The risk of erroneous action or inaction on the part of the Investment Manager*** of the Program THOR OPTIMA …
>
> The risk of computer crashes, power off and / or other technical and / or other problems …
>
> The risk of a temporary suspension of trading …
>
> ***Currency risks*** …

*See* Thor Opti-Max IM ¶ 13.2.6 *et seq.* (these included, without limitation, human or computer error, suspension of trading on stock exchanges, currency risks or unfavorable movement of various indicies). The Thor Optima and Thor Guarant Investment Memoranda provided substantially similar risk disclosures. *See* Thor Optima IM ¶ 14.7 *et seq.*; Thor Guarant IM ¶ 13.2 *et seq.*

14. With respect to the potential loss of principal, the Thor Opti-Max Investment Memorandum further provides that:

> The action of a ***variety of potential factors of market and non-market risk***, including, among others, listed in p.13.2.5 and p.13.2.6 of this Memorandum ***does not allow to ensure*** to the investors of the program THOR OPTIMA (including the Fund THOR OPTI-MAX and / or company THOR UNITED, investing, among other things, the program THOR OPTIMA with the invested in these

> funds means of the Investors of the Program THOR OPTI-MAX) *this or that fixed level of investment returns.* ... the investors of the program THOR OPTIMA (including the Fund THOR OPTI-MAX and / or company THOR UNITED, investing, among other things, in the program THOR OPTIMA invested in them means by the of the Investors Program THOR OPTI-MAX) *can not be guaranteed one hundred percent repayment rate of initially invested in the program* THOR OPTIMA money: ... during periods of negative returns to a particular investor (including the Fund THOR OPTI-MAX and / or company THOR UNITED, investing, among other things, THOR OPTIMA program with embedded in them means of the Investors of the Program THOR OPTI-MAX) *may be refunded the amount of money less than originally invested by the amount of investment losses*.

*See* Thor Opti-Max IM ¶ 13.2.7. The Thor Optima and Thor Guarant Investment Memoranda contain substantially identical provisions. *See* Thor Optima IM ¶14.8; *See* Guarant IM ¶ 13.4

15. The Thor Opti-Max Investment Memorandum further provides, with respect to investment strategy and overall profitability, that:

> Potentially existing *Market and non-market risks* of the program THOR OPTIMA, including, among others, listed in p.13.2.5 and p.13.2.6 of this Memorandum *may in certain periods of time lead to the fact that the Investment Strategy of program THOR OPTIMA in the periods indicated will not be fully realized*, and the investment objective of the program THOR OPTIMA for certain of its investors (including fund THOR OPTI-MAX and / or company THOR UNITED, investing, among other things, the program THOR OPTIMA with the means invested in these funds by the investors of Programs THOR OPTI-MAX) *will not be fully achieved*, which may cause in some degree in the periods indicated a *negative impact on overall profitability* of THOR OPTI-MAX.

*See* Thor Opti-Max IM ¶¶ 13.2.8; 13.6.2. The Thor Optima and Thor Guarant Investment Memoranda also contained such disclosures. *See* Thor Optima IM ¶¶ 2.2.5, 14.9; Thor Guarant IM ¶¶ 2.6.2, 13.2.1, 13.2.4.

16. With respect to real estate investments specifically, the Opti-Max Investment Memorandum provides as follows.

> Provided under this Memorandum p.13.1, *insurance coverage of bank accounts does not cover potential investment losses associated with various potential economic and non-economic risks*

*See* Thor Opti-Max IM ¶¶ 13.3 *et seq.*, 13.4 *et seq.*; The Thor Guarant Investment Memorandum likewise contained numerous real-estate related risk disclosures. *See* Guarant IM ¶¶ 13.2 *et seq.*

7025829.3

### E. *Roles of Insurers*

17. Disclosures in the Thor Investment Memoranda concerning the limits of insurance coverage further discuss risks.

18. With respect to the role U.S. Federal Deposit Insurance Corporation (FDIC), the Thor Opti-Max Investment Memorandum provides as follows:

> The Assets of the Program THOR OPTI-MAX *in accounts in the Banks of the Programs in the monetary form and temporarily not deposited to the material, security and / or other Assets of the Program*, are protected *from force majeure* (war, armed conflict, terrorism, civil unrest, political instability earthquakes, floods, fires and other natural disasters, etc.) *and criminal* (fake signatures, computer fraud, all kinds of criminal financial fraud) *risks - as well as all the other risks that could lead to bankruptcy of the Banks* of the Program and / or loss of all or part of the Assets of the Program held in cash in accounts in the Banks of the Program – by an appropriate system of insurance of bank accounts of the country, where the Bank of the Program is located, within the limits established by this system. For example, *in the case of the Banks of the Program, located in the United States, this protection is given by the U.S. Federal Deposit Insurance Corporation (FDIC)* - the U.S. government agency established in 1933 with its own reserve capital of more than 49 billion U.S. dollars and a staff of 4500 employees insuring against all risks of resident and nonresident deposits in 5250 U.S. member banks up to 100 thousand dollars for each depositor. In the case of the Banks of the Program, located in Russia, a specified protection is provided by the Deposit Insurance Agency of Russia - ....

*See* Thor Opti-Max IM ¶ 13.1 (emphasis supplied). The Thor Optima and Thor Guarant Investment Memoranda contain substantially identical provisions. *See* Thor Optima IM ¶14.1; Thor Guarant IM ¶ 13.1.

19. With respect to insurance generally, the Thor Opti-Max Investment Memorandum provides as follows:

> The *insurance cover[age]* provided in accordance with paragraphs. 13.2.2, 13.2.3 and 13.2.4 of this Memorandum *does not cover potential investment losses due to adverse price movement of any rate of the securities, equity instruments used in the Program THOR OPTIMA and / or other assets of the program THOR OPTIMA, i.e. market risk* (hereinafter – the "Market Risks"). Despite the comprehensive measures adopted by the Investment Managers of the Program THOR OPTIMA to stabilize its investment return and the effective management of the above market risks, in certain periods of time unfavorable situation of the stock and / or foreign exchange market as a whole, their specific geographical and

> / or industry sectors, certain market segments, classes of securities and / or equity instruments, as well as the price movements of individual securities, equity instruments used in the program THOR OPTIMA and / or other Assets of the Program THOR OPTIMA in the wrong direction ***can cause a temporary loss of investment*** in certain investment accounts THOR OPTIMA - and, accordingly, in one way or another on various investment accounts THOR OPTI-MAX - which, in the case of full or partial release of any Investor (including THOR OPTI-MAX Fund and / or THOR UNITED, investing, among others, in the Program THOR OPTIMA the invested funds of the Investors of the Program THOR OPTI-MAX) of the Program THOR OPTIMA at a similar time period, can be implemented for it as certain investment losses.

*See* Thor Opti-Max IM ¶ 13.2.5. The Thor Optima and Thor Guarant Investment Memoranda contain substantially identical provisions. *See* Thor Optima IM ¶ 14.6; Thor Guarant IM ¶ 13.2.

### F. *Discretion Regarding Portfolio Management in Real Estate Investments*

20. With respect to real estate investments specifically, the Opti-Max Investment Memorandum provides as follows.

> ***Investment Director reserves the right ... in its sole discretion*** to add to the portfolio ... [various] individual projects of construction, renovation, management, maintenance, resale and / or subleases of various properties in selected countries and regions ... ***[adjust] investment methods and funding methods***, operational mechanisms for monitoring the progress of implementation and proper completion of projects and additional measures of risk management ... one way or another ***to apply different organizational schemes of structuring projects funding and / or optimization of financial flows***; self-initiate a certain perspective and in manner satisfying the Investment Director extent eligible projects, and directly invest into them and into others, according to suitable on the Investment Director mind, Projects (in the form of loans and / or capital investment) funds of the THOR Master Fund; and, ***in its sole discretion, select for investment ... (in the form of loans and / or investments), among other things, any real estate projects (capital investment and / or credit, self-development and / or equity investments of the sole and / or co-investment, construction, reconstruction, management, operation, resale and / or sub-lease, etc.)*** in various countries, regions and currency zones, sectors, types and classes of real estate, with a variety of sources of investment income (sale, lease and / or income from self-service, etc.) and ***with a variety of affiliate and / or unaffiliated with the THOR Group partners, co-investors and / or borrowers***, guided by the considerations of profit maximization of Investors Program, to further stabilize it and minimize all types of investment risks.

*See* Thor Guarant OM ¶ 2.6.1 ("Flexibility of Investment Policy") (emphasis added).

### G. *Suspension of Ordinary Withdrawal Rights In Times of Unfavorable Market Conditions*

21. The Thor Opti-Max Investment Memorandum provides as follows regarding the suspension, by the Board of Directors, of investors' ordinary rights to withdraw funds:

> The Board of Directors of the Program may decide on a temporary (full or partial) suspension of the Program - which may include, among other things, a complete or partial termination for the period specified by the Board of Directors of the Program of any undertaken in the framework of investment and / or any other operations, determination of the Current Value of Shares of THOR OPTI-MAX of various Types, as well as the transfer of any funds received by the Program and / or product of any withdrawals of the Investor funds from the Program and / or performance of any other action under the Program – of the qualified majority on its general meeting in certain circumstances, including, among other things, such force majeure situation as: war, armed conflicts, terrorist acts, vandalism, riots and / or political instability, explosions, disasters, fires, floods, hurricanes, tsunamis, mudslides, landslides, avalanches, earthquakes, and / or other natural disasters and / or environmental crises, computer failures, de-energizing and / or other problems and / or suspension for any other reason of the normal operation of any trade, information, listing, clearing, back-testing, analytical and / or other systems serving the Program, and / or any of the banks, stock exchanges, trading platforms, depository and clearing firms and / or other in some extent relevant for the implementation of the Program of financial institutions and / or infrastructure, as well as various political, legal, administrative and / or regulatory measures and / or criminal action, ***various adverse economic, political, administrative, social and / or the market processes***, blockades, embargoes, intervention or temporary inaction of various government agencies, ***economic, political, social, financial and / or currency crises***, adverse changes in applicable laws and / or any legal, administrative and / or regulatory standards, and / or any other force majeure and / or circumstances independent of the Investment Managers and / or their agents, consultants, representatives and / or assistants ***by which it becomes impossible to carry out effective implementation of the Program's Investment Policy in general and / or any individual investment algorithms, Projects and / or lines of business of the Program***, and / or the normal conduct within it certain procedures for investment and / or other appropriate action. ***In such cases, temporarily suspended the above investment and / or other activities, and / or certain procedural and / or other activities under the Program are renewed at the discretion of the Board of Directors of the Program, soon after the cessation of the circumstances that caused their temporary suspension.***

*See* Thor Opti-Max IM ¶ 11.1; *see also id.* ¶¶ 10.1.1 and 7.7. The Thor Optima and Thor Guarant Investment Memoranda also contained substantially identical provisions. *See* Thor Optima IM ¶11.1; *see also id.* ¶¶ 7.7 and 12.1; Thor Guarant IM ¶ 11.1; *see also* ¶ 7.7.

### H. Limitations on Liability For Actions of Managers and Freelance Consultants

22. The Investment Memoranda limit the liability of various Thor Defendants and their "direct agents, representatives, associates and consultants" including, specifically, the "Directors and the Administrator" to acts that occurred as a result of "willful misconduct on the part of the Investment Managers" and their agents, each of which would bear sole responsibility for their individual acts, providing as follows:

> ***Investment Managers and their direct agents, representatives, associates and consultants*** (including, among others, the Directors and the Administrator, any other company of THOR Group and all physical and legal persons somehow affiliated with it) ***do not bear any of the material, moral, financial, legal, administrative, regulatory and any other liability*** for (1) their more or less erroneous and / or bad judgment, reasoning, investment, administrative, technical and / or other decisions, actions, inactions, omissions and / or defects directly or indirectly connected with this, any possible negative consequences, including but not limited to, any investment losses and / or other loss of profit, ***except for clearly and conclusively proved by a court of the relevant jurisdiction of the cases of willful misconduct*** by the above-mentioned persons; as well as for (2) any investment losses and / or somehow lost profits and / or any other negative effects caused by, inter alia, such factors as (a) false and / or unsuccessful judgment, reasoning, investment, administrative, technical and / or other decisions, actions, inactions, omissions, defects and / or unprofessional, careless, negligent, dishonest, malicious, improper, illegal and / or illicit written and / or oral statements, actions and / or omissions of any bank, stock exchange and / or trading floor, depository, broker, dealer, administrator, auditor, assessor, the management company and any other element of infrastructure of the Program, any Developer, builder, general contractor, subcontractor, supplier, carrier, customer service, design and / or project architecture office or other service provider, vendor and / or lessor of any material assets and / or any of the services and / or technology, administrative, regulatory, legal, tax and / or other public body, creditor, partner, co-investor, expert, realtor, agent, representative, assistant and / or consultant and / or any other physical and / or legal person, one way or another involved by the Investment Managers and / or their direct agents, representatives, assistants and / or consultants or for some other reasons, one way or another involved in any aspect of the Program and / or one or another of its investment algorithm, Project and / or business lines, and (b) war, armed conflict,

> terrorist acts, vandalism, riots and / or political instability, explosions, accidents, fires, floods, hurricanes, tsunamis, mudslides, landslides, avalanches, earthquakes, and / or other natural disasters and / or environmental crises, computer failures, de-energizing and / or other problems and / or suspension for any other reason of the normal functioning of any trade, information, listing, clearing, back-testing, analytical and / or other systems serving the Program, and / or any of the banks, stock exchanges, trading platforms, clearing and depository and / or investment banking firms and / or others in some way important for the implementation of the Program of financial institutions and / or infrastructure; as well as various political, legal, administrative and / or regulatory measures and / or criminal action, or various adverse economic, political, administrative, social and / or market processes, blockades, embargoes, or intervention or temporary omission of certain state institutions, economic, political, social, financial and / or currency crises, adverse changes in applicable laws and / or any legal, administrative and / or regulatory standards; and / or any other force majeure and / or circumstances independent of the Investment Managers and / or their agents, representatives, associates and / or consultants. The Investment Managers and their direct agents, representatives, associates and consultants (including, among others, the Directors and the Administrator, any other companies of THOR Group and all physical and legal persons somehow affiliated with it) must not in any form recover at their own expense and / or carry in any form other material, moral, financial, legal, administrative, regulatory and any other responsibility for the consequences of any actions listed in this paragraph of this Memorandum of factors and circumstances except that, according to an unambiguous and definitive decision of the court of the relative authority and jurisdiction, provably occurred as a result of willful misconduct on the part of the Investment Managers and / or their direct agents, representatives, associates and / or consultants, each of which, in the latter case only, shall bear the responsibility imputed on him/her by the above court separately and independently.

*See* Opti-Max IM ¶ 10.2.4; Optima IM ¶ 11.2.4; Guarant IM ¶ 10.2.4.

24. The Investment Memoranda set out the identities and qualifications of the Programs' Directors. *See* Opti-Max IM ¶ 10.1.4; Optima IM ¶ 10.1.4; Guarant IM ¶ 10.1.4.

24. The Investment Memoranda also provide that any statements by "Freelance Consultants" were not the statements of the "Administrator nor any other company of THOR Group," providing as follows:

> To carry out consultation and / or marketing functions within the Program, the Administrator may, at its discretion and on terms acceptable to it, involve on a contract basis any number of third-party consulting and / or marketing companies and / or other legal entities, which then can perform on the paid basis - completely independently of the Administrator and THOR Group as a whole - advisory activities, having as one of its possible effects of a promotion of the Program and /

-11-

or any other financial programs of THOR (possibly combining it with consulting activity which has as one of its possible effects a promotion of financial and / or other products and / or services of other provider companies), and may - at its discretion and at their own defined conditions - use for the implementation of the consulting activities both its staff and Freelance Consultants. The services provided under the agreements of the Administrator concluded with consulting and / or marketing companies and / or other legal entities are compensated from the fees and charges payable to the Administrator and the Investment Managers in accordance with the provisions of ... this Memorandum. However, ***neither the Administrator nor any other company of THOR Group and any otherwise affiliated natural and legal persons carry any kind of material, moral, financial, legal, administrative, regulatory and any other liability for any written and / or oral statements and / or declarations, actions, omissions, defects and / or inaction of the above-mentioned consulting and / or marketing companies and / or other legal entities and / or their staff and / or Freelance Consultants***, including but not limited to, any of their possible misconceptions, unprofessional, careless, negligent, dishonest, malicious, improper, illegal and / or unlawful statements, actions and / or omissions.

*See* Opti-Max IM ¶ 10.3.3; Optima IM ¶11.3.3; Guarant IM ¶ 10.3.3.

25. An email exchange between counsel on June 28, 2012 confirmed that Plaintiff erroneously refers in paragraph 86 of the Amended Complaint to a November 8, 2010 document with the incorrect date of November 8, 2009.

I hereby declare under penalty of perjury that the foregoing statements are true and correct.

Dated: New York, New York  
July 5, 2012

CARTER LEDYARD & MILBURN LLP  
*Attorneys for Batrachenko and the Thor Defendants*

By:   /s Judith M. Wallace  
Judith M. Wallace

Two Wall Street  
New York, New York 10005  
Telephone: (212) 732-3200

7025829.3